Ronald ANDERSON, Armando Dieppa, and Diane Gibson, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Thomas A. COUGHLIN, III, et al., Defendants.

No. 87–CV–141.

United States District Court,
N.D. New York.

March 1, 1988.

Prisoners' Legal Services of New York, Albany, for plaintiffs; Lois Goland, Karen L. Murtagh–Monks, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., for defendants; David B. Roberts, Asst. Atty. Gen., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

The plaintiffs in this action allege constitutional deficiencies in defendants' disciplinary policies and regulations with respect to mentally ill inmates at Green Haven and Auburn State Correctional Facilities. As mentally ill prisoners, plaintiffs claim that they are subjected to prison disciplinary procedures without being afforded any defense based on their mental illness, and without being afforded assistance of counsel notwithstanding their incompetency to participate. Plaintiffs also claim they are punished by being placed in solitary confinement which allegedly results in a deterioration of their mental illness. The complaint seeks declaratory and injunctive relief on behalf of the plaintiffs individually and on behalf of all others similarly situated. The nature of the injunctive relief would be generally to require defendants to institute procedures for identifying and treating mentally ill prisoners in the disciplinary process in a manner not incompatible with their illnesses. Consistent with that demand, and pursuant to F.R.C.P. 23, plaintiffs have moved for certification of a class including "all inmates at Green Haven and Auburn Correctional Facilities who suffer from a mental illness."

The motion was referred to Magistrate Conan for report and recommendation pursuant to Standing Order of this Court dated June 17, 1985. Magistrate Conan recommended the certification of a class "comprised of all present and future inmates of Green Haven and Auburn Correctional Facilities *who have a record of mental illness*" in his Report–Recommendation dated May 15, 1987. Objections were filed to this Report–Recommendation by the defendants. Subsequently, this court heard oral argument regarding those objections on September 14, 1987.

■ Upon consideration of the Report–Recommendation, the objections filed thereto, and oral argument, the court hereby adopts Magistrate Conan's Report–Recommendation in regard to it's conclusion that class certification is appropriate in this case. Magistrate Conan's definition of the class as "all present and future inmates of Green Haven and Auburn Correctional Facilities *who have a record of mental illness*" requires further scrutiny, however.

As part of their objections to the Report–Recommendation, defendants have submitted the affidavit of Joel A. Dvoskin, Ph.D., Director of the Bureau of Forensic Services for the New York State Office of Mental Health (OMH). Dr. Dvoskin is responsible in part for the management of inpatient and outpatient services to individuals in the criminal justice system, includ-

ing plaintiffs and the proposed class. Dr. Dvoskin asserts that the class as defined by Magistrate Conan would be overinclusive. He notes that all inmates of the involved facilities who are screened by OMH or who have been admitted for services to an OMH unit are assigned a "C" number. As such, they have a "record" with OMH. Individuals with this record, according to Dr. Dvoskin, are not necessarily mentally ill. Many of these "C" records could be the result of old problems which currently do not exist. Furthermore, the assignment of a record may be the result of an isolated episode, such as an inmate experiencing difficulty in adjusting to his new environment, and may not indicate the presence of any mental illness.

Plaintiffs, on the other hand, assert that Magistrate Conan's definition of the class would be underinclusive. According to plaintiffs, some prisoners may be mentally ill but not have a record of mental illness, i.e., classified under defendants' "C" system, when they come in contact with the disciplinary process. Plaintiffs assert that this could happen either because the defendants' screening system is inadequate or because the illness may have recently developed.

Because the objections of both parties in this regard appear valid, and because the Magistrate's Report–Recommendation offers no persuasive reasoning for modifying the class to those inmates with a *record of mental illness*, the court refuses to adopt the Magistrate's recommendation with regard to class definition. The question whether the plaintiffs' proposed class definition is adequate, however, bears further scrutiny.

█ The defendants object to the certification of a class consisting of those inmates who "suffer from a mental illness" as urged by plaintiffs, basically because they assert it is overbroad and illdefined. Certification is sought here under F.R.C.P. 23(b)(2), however, and as such precise defi-

nition is not as important as it may be under other class certification rules. The First Circuit Court of Appeals noted in *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972):

> Although notice to and therefore precise definition of the members of the suggested class are important to certification of a subdivision (b)(3) class, notice to the members of a (b)(2) class is not required and the actual membership of the class need not be precisely delimited. *In fact, the conduct complained of is the benchmark for determining whether a subdivision (b)(2) class exists, making it uniquely suited to civil rights actions in which the membership of the class are often incapable of specific enumeration.* (citations omitted) (emphasis supplied).

*Id.* at 1366. Here, the conduct complained of is the alleged unconstitutional disciplinary treatment of mentally ill prisoners. The plaintiffs' proposed certification is appropriate in this civil rights case, and the court therefore grants the motion for certification of the class as originally proposed.

In so doing, the court does not disregard the very real concerns of the defendants. The court is aware that the term "mental illness" encompasses an enormous variety of disorders, and a wide variety of degrees of disorder, some of which have little or no bearing on an inmate's capacity to appreciate the nature, consequences or wrongfulness of his actions, little or no bearing on his competency to defend himself, and little to no bearing on the appropriateness of his housing in an "isolation" unit. (See Dvoskin affidavit at par. 7). Nevertheless, the court notes that such a description is the best available at the present time.[1] Other authorities have not hesitated to use this description. *See e.g. Powell v. Ward,* 74–cv–4628 (S.D.N.Y.1981) (stipulation and order signed by Judge Stewart); *Eng v. Smith,* Civ–80–385T (W.D.N.Y.1988) (Preliminary injunction signed by Judge Telesca). Moreover, if further proceedings re-

---

**1.** The court also notes that plaintiff could have requested class certification for the entire prison population at Green Haven and Auburn, *see e.g. Kendrick v. Bland,* 740 F.2d 432 (6th Cir. 1984), a much broader class. By confining their request to the "mentally ill", plaintiffs are attempting to narrow the class as much as possible considering the requested relief.

**4**

veal that the certification is inadequate, or is best replaced by another certification, the court has the authority to so alter the certification pursuant to F.R.C.P. 23(c)(1).

IT IS SO ORDERED.